*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JAMMIE RUTKOWITZ,

        Plaintiff,

v.

JAMES TURNER; KRISTINA REED TURNER; DEAN C. GRESEK; LAW OFFICES OF WILLIS AND GRESEK; HON. MADELINE F. EINBINDER; HON. ARNOLD B. GOLDMAN; HON. STEPHANIE M. WAUTERS; HON. JOHN F. RUSSO, AND JOHN DOES 1-100:

        Defendants.

Civil Action No:17-6622(FLW)

**OPINION**

---

**WOLFSON, United States District Judge:**

Before the Court are two separate motions to dismiss filed by Defendants, Hon. Madeline F. Einbinder, P.J.F.P.; Hon. Arnold B. Holdman, J.S.C.; Hon. Stephanie M. Wauters, J.S.C. and Hon. John M. Russo, J.S.C. (collectively, "Defendant Judges"), who all preside in the Superior Court of New Jersey, Family Division, Ocean County. This case arises out of a series of legal disputes regarding visitation and custody rights of Rutkowitz and James Turner's child. Plaintiff claims, *inter alia*, that her due process rights under the Fourteenth Amendment regarding parenting rights were violated by Defendant Judges. Additionally, *pro se* Plaintiff Jammie Rutkowitz ("Rutkowitz" or "Plaintiff") moves for sanctions pursuant to Fed. R. Civ. P. 11 and 37, asking the Court to strike the Answers of *pro se* defendants James Turner and Kristina Reed Turner (the "Turners"), for failure to serve their Answers as required under Fed. R. Civ. P. 12.

1

In her Complaint, Plaintiff asserts federal claims against Defendant Judges and the Turners pursuant to 42 U.S.C § 1983. In addition, Plaintiff asserts state law claims against these defendants for emotional distress, kidnapping and fraud. For the reasons that follow, the Court **GRANTS** Defendant Judges' motions to dismiss. Furthermore, the Court **DENIES** Plaintiff's motion for sanctions against the Turners. Finally, the Court *sua sponte* **DISMISSES** claims, without prejudice, against Dean C. Gresek and Law Offices of Willis and Gresek for Plaintiff's failure to provide proof of service under Fed. R. Civ. P. Rule 4(m).

I.  FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of the motions to dismiss, all factual allegations set forth in the Complaint are taken as true. Plaintiff and James Turner had a child in 2009. Compl. ¶ 15. Although the two were never married, they were granted joint custody in 2012. *Id.* at ¶ 16. At some point within the same year, James Turner was granted residential custody. *Id.* at ¶ 17. Since then, Plaintiff alleges that Turner, who currently has custody of the child and is married to Kristina Reed Turner, has cancelled or caused the child to miss 25 court ordered visits with Plaintiff. *Id.* at ¶ 21. Specifically, Plaintiff alleges that James Turner is conspiring with his wife and legal counsel, defendants Dean C. Gresek and Law Offices of Willis and Gresek, to "withhold… the intent" of the Supreme Court, in light of certain decisions, by not allowing Plaintiff to enjoy her parental rights. Further, Plaintiff alleges she has a court order to visitation rights, and sought enforcement of those rights at least nine times, but that the State Court, through the Defendant Judges, has ignored laws and "stood in the way" of her parenting time. *Id.* at ¶ 23. However, Plaintiff provides no details regarding these visitation orders. Plaintiff further claims that Defendant Judges have violated the Fourteenth Amendment by "not allowing [her] to enjoy the sanctity of [her] parental rights." Finally, Plaintiff claims that Defendant

2

Judges "punctuated" the Turners' behavior by allowing them to deprive Plaintiff of access to her child. Taken these allegations together, Plaintiff alleges that Defendant Judges' actions or omissions have violated her due process rights under the Fourteenth Amendment. *Id*. at ¶ 28.

Plaintiff also asserts state law claims of intentional infliction of emotional distress against all parties; *Id*., at ¶ 44; child abduction claims against James Turner, Kristina Reed Turner, Dean C. Gresek, and Law Offices of Willis, *Id.* at ¶¶ 37-39; and a fraud claim against James Turner *Id*. at ¶¶ 41-42. Defendant Judges now move to dismiss claims against them based on sovereign immunity and judicial immunity. Additionally, Plaintiff moves for sanctions against the Turners for failure to serve their Answers.

II. <u>LEGAL STANDARDS</u>

   a. **Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Following the *Twombly/Iqbal* standard, the Third Circuit applies a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to

relief. *Id.* However, this standard " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.' " *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); Nonetheless, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. *Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

Here, Plaintiff is proceeding, *pro se.* "The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "[T]here are limits to [the courts'] ... flexibility.... [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro*

4

*se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### b. § 1983 Claims Against Defendant Judges[1]

#### i. Sovereign Immunity

Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. Rule 12(b)(1), on the basis of sovereign immunity under the Eleventh Amendment. Once a Rule 12(b)(1) challenge is raised, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *See McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir. 2006). A Rule 12(b)(1) motion to dismiss is treated as either a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics, Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, such as here, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id.; see Perez v. New Jersey,* No. 14-4610, 2015 U.S. Dist. LEXIS 92504, at *10, (D.N.J. July 15, 2015); *Dempsey v. United States*, No. 15-2847, 2015 WL 6561217, at *1 (D.N.J. Oct. 29, 2015).

"A state is generally entitled to immunity in federal court from suits by private parties, including their own citizens. This protection from suit extends to state agencies as well as state officials sued in their official capacities for monetary damages." *A.W. v. Jersey City Pub. Sch.*,

---

[1] Because the Court is dismissing claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) based upon Eleventh Amendment Immunity or judicial immunity, this opinion does not analyze Defendant Judges' other merits based defenses raised in their motions to dismiss.

5

341 F.3d 234, 238 (3d Cir. 2003). Sovereign immunity applies even if the state is not a named party to the action, "'as long as the state is the real party in interest.'" *Carter v. City of Philadelphia,* 181 F.3d 339, 347 (3d Cir. 1999) (*quoting Fitchik v. New Jersey Transit Rail Operations, Inc.,* 873 F.2d 655, 659 (3d Cir. 1989). Thus, a plaintiff may not evade or circumvent a defendant's assertion of sovereign immunity by purposefully omitting the state as a formal party to a complaint. *Chisolm v. McManimon,* 275 F.3d 315, 322–23 (3d Cir. 2001).

In *Fitchik,* the Third Circuit explained that the state is a party-in-interest when "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting or to compel it to act." 873 F.2d at 659. In other words, sovereign immunity is appropriate if the named defendant is essentially an "arm of the state." *Davis v. Lakewood,* No. 03–1025, 2005 WL 1863665, at *3 (D.N.J. Aug. 4, 2005) (*citing Chisolm,* 275 F.3d at 323). Generally, under the *Fitchik* test, it is well-established that "state courts, its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state." *Dongon v. Banar,* 363 Fed. Appx. 153, 156 (3d Cir. 2010) (*citing Johnson v. New Jersey,* 869 F.Supp. 289, 298 (D.N.J. 2001). There are only three exceptions to Eleventh Amendment immunity: "(1) abrogation by an Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State–Operated Sch. Dist.*, 344 F.3d 335, 345 (3d Cir. 2003).

However, Eleventh Amendment immunity does not bar suits against state officials sued in their individual capacity. *See Hafer v. Melo,* 502 U.S. 21, 26 (1991). (holding state officials sued in their individual capacity are "persons" for purposes of § 1983); *Walker v. Beard*, 244

Fed. Appx. 439, 440 (3d Cir. 2007). Because damage remedies from a state official acting in his or her individual capacity would come from that individual's personal assets, the state would not be the real party of interest. *Id.* Accordingly, the question is not whether a state official acted in an official or individual capacity, but in which capacity the plaintiff brings suit against the state official. *Hafer,* 502 U.S. at 26-27. Finally, a plaintiff may sue a state official, individually, for a constitutional violation under the legal fiction of *Ex parte Young*, so long as they seek prospective injunctive or declaratory relief. *Ex parte Young,* 209 U.S. 123, 159–60 (1908), *See Alden v. Maine,* 527 U.S. 706, 757 (1999). In order to do so, however, the claim must be against a state official for ongoing violations of federal law. *Wheeling & Lake Erie R. Co. v. Pub. Util. Comm'n of Com. of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998).

Here, Plaintiff has not clearly alleged whether Defendant Judges are being sued in their official or individual capacities. While Defendant Judges are named individually, the Complaint is vague, and provides no factual distinction between any of the judges. Thus, in the interest of completeness, the Court will construe this suit as against Defendant Judges in their official capacity, as well as their individual capacity. In that regard, if the claims are brought against Defendant Judges in their official capacity, then they are barred under the Eleventh Amendment, because Defendant Judges are part of the judicial branch of the state of New Jersey, and therefore considered "arms" of the state. *See Fidanzato v. Somerset, Hunterdon, & Warren Ctys. Vicinage 13*, No. 11-5132, 2012 WL 4508008, at *6 (D.N.J. Sept. 28, 2012).

None of the exceptions to Eleventh Amendment immunity apply here. First, Eleventh Amendment immunity has not been abrogated by Congress with respect to § 1983 suits against the States. *Quern v. Jordan*, 440 U.S. 332, 345 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have

7

a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States."). Moreover, it is well-established that "[t]he State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." *Mierzwa v. United States*, 282 Fed. Appx. 973, 976 (3d Cir. 2008). Finally, Plaintiff is not seeking prospective injunctive relief against Defendant Judges. Accordingly, to the extent Plaintiff brings her § 1983 claims against Defendant Judges in their official capacity, these federal claims are barred by sovereign immunity.

            **ii.**        **Judicial Immunity**

Even if Plaintiff is suing Defendant Judges in their individual capacity, the § 1983 and state tort claims are barred under judicial immunity. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (holding judges are provided additional immunity when sued for actions taken in their judicial capacity). The Supreme Court long has recognized that judges are immune from suit under § 1983 for monetary damages arising from their judicial acts." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). Following the Supreme Court's guidance, the lower courts "must engage in a two-part inquiry to determine whether judicial immunity is applicable." *Id.* "'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.'" *Id.* at 768 (quoting *Mireles*, 502 U.S. at 11). "'Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Id.* "With respect to the first inquiry, 'the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Id.* at 768–69 (quoting *Stump v.*

*Sparkman*, 435 U.S. 349, 362 (1978)). Courts must "'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts." *Id.* at 769 (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 769 (quoting *Stump* 435 U.S. at 356–57 (citation omitted)). "Immunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and ex parte' manner." *Id*. "Further, immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200). The courts' analysis focuses "on the general nature of the challenged action, without inquiry into such 'specifics' as the judge's motive or the correctness of his or her decision." *Id*.; *see Mireles*, 502 U.S. at 13 ("[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, we look to the particular act's relation to a general function normally performed by a judge . . . .") (citation omitted).

Nevertheless, judicial immunity does not *per se* bar non-monetary damages sought through injunctive or declaratory relief. *Pulliam v. Allen*, 466 U.S. 522, 527 (1984); *see Leeke v. Timmerman*, 454 U.S. 83, 85 (1981). However, the 1996 amendment to § 1983 bars injunctive relief against State Court judges brought under that statute. *See Corliss v. O'Brien,* 200 Fed. Appx. 80, 84 (3d Cir. 2006). While a plaintiff may request declaratory relief, he/she must show a likelihood of future injury, as declaratory judgment is an inappropriate remedy to proclaim liability for past actions. *Id.*; *Gochin v. Thomas Jefferson Univ*., No. 16-6153, 2017 WL

9

2152177, at *8 (E.D. Pa. May 17, 2017). Instead, declaratory relief is meant to "define legal rights and obligations" for future conduct between parties. *Id.*

Here, all claims against Defendant Judges are for judicial actions taken, or omissions made, in custody cases. Independent of the merits of the decisions or any possible errors, the general nature of the challenged actions relates to typical judicial decision-making. For example, while Plaintiff alleges that Defendant Judges violated her Fourteenth Amendment rights, her stated bases are the allegations that these judges failed to enforce an order against James Turner to provide visitation hours and make up missed appointments. Compl., ¶ 23. Plaintiff also claims that Defendant Judges acted outside of their judicial scope by acting without just cause in refusing to return custody of the son to Plaintiff. *See* Plaintiff. Opp. To Mot. To Dis., p. 4. Specifically, Plaintiff claims that Defendant Judges violated her due process rights by ignoring her right to the child and by refusing to "permit… parenting time." *Id*. at ¶ 3. In sum, Plaintiff's allegations describe harms allegedly caused by judicial acts or omissions. Compl., ¶ 8. In fact, the alleged harms arise from independent decisions by four different judges, who each ruled against Plaintiff's interest. *Id*. at. ¶¶ 23, 28. In essence, Plaintiff is suing Defendant Judges for ruling against her in State Court. Indeed, each custody decision described is judicial in nature, no matter how Plaintiff may disagree. Simply, Plaintiff fails to allege any facts to suggest extrajudicial conduct, and thus, fails to allege the facts necessary to pierce judicial immunity for civil damages. *See e.g. Stump,* 435 U.S. at 362.

Finally, Plaintiff's claims against Defendant Judges for non-monetary relief are also dismissed. Plaintiff is not seeking injunctive relief. Compl., ¶ 10., and the declaratory relief sought is improper. Indeed, declaratory relief is only appropriate for future conduct, but here, relief is sought for alleged harm caused by past decisions made by Defendant Judges. Plaintiff

does not, however, provide facts demonstrating how a future injury is likely to be caused by any of the Defendant Judges. As such, declaratory relief is improperly pled.

Accordingly, all federal and state claims against Defendant Judges for civil damages and declaratory relief are dismissed.

### c. Motion for Sanctions against the Turners

Plaintiff moves for sanctions, pursuant to Fed. R. Civ. P. 37, because the Turners, proceeding *pro se*, failed to serve Plaintiff their Answer within 21 days, as required by Fed. R. Civ. P. 12. In this case, the Turners filed their Answers on September 28, 2017. Plaintiff, despite having not received official service or a copy of the pleadings, became aware that the Turners filed those Answers. Plaintiff, then, notified the Court on October 20, 2017, regarding the Turners' lack of service on Plaintiff. Subsequently, Plaintiff filed her Motion for Sanctions on January 2, 2018. Plaintiff requests that I strike the Turners' Answers and preclude them from filing future responsive pleadings.

It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the district court. *Brubaker Kitchens Inc. v. Brown,* 280 Fed. Appx. 174, 185 (3d Cir. 2008) (*citing Gary v. Braddock Cemetery,* 517 F.3d 195, 201 n. 6 (3d Cir. 2008)). *Pro se* litigants are not immune from sanctions, but courts may take into account party's *pro* se status as someone who is untutored when deciding the imposition of sanctions. *See Unanue Casal v. Unanue Casal* 132 F.R.D. 146 (D.N.J. 1989); *Niyogi v. Intersil Corp.,* No. 05–4685, 2006 WL 2570826, at *2 (D.N.J. Sept. 5, 2006) (citations omitted). *Briksza v. Moloney*, No. 08- 01785, 2009 WL 1767594, at *10 (D.N.J. June 19, 2009).

Furthermore*, pro se* litigants are provided leniency as to the technical rules of court proceedings. *See e.g. Delso v. Trustees For Ret. Plan For Hourly Employees of Merck & Co.,*

11

No. 04-3009, 2007 WL 766349, at *13 (D.N.J. Mar. 6, 2007) (finding that "courts often extend the leniency given to *pro se* litigants in filing their pleadings to other procedural rules which attorneys are required to follow."); *Metropolitan Life Ins. Co. v. Kalenevitch*, 502 Fed. Appx. 123, 125 (3d Cir. 2012); *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993). Specifically, it is well established that courts may excuse *pro se* litigants when violations of time limitations, service requirements, or pleading requirements occur. *Id.* at *13 (D.N.J. Mar. 6, 2007) (citing *LaMaina v. Brannon,* 804 F. Supp. 607, 610 n. 3 (D.N.J. 1992); *Mettle v. First Union Nat'l. Bank,* 279 F.Supp.2d 598, 604–605 (D.N.J. 2003); *DeJesus Corona v. DeRosa,* 325 F. Supp. 2d 516 (D.N.J. 2004); *Klagsburn v. Va'ad Harabonim,* 53 F. Supp. 2d 732, 742 n. 5 (D.N.J. 1999); *Bobian v. CSA Czech Airlines,* 222 F.Supp.2d 598 (D.N.J. 2002), *aff'd* 93 Fed. Appx. 406 (3d Cir. 2004); *Hoffman v. Pressman Toy Corp.,* 780 F. Supp. 498, 499 (D.N.J. 1990)).

Here, the Turners are proceeding *pro se* and likely untutored to the law. In that regard, the Court exercises its discretion and will not impose sanctions on the Turners for the technical violation of service rules. While the Turners did not effectuate proper service of their Answers as required under Rule 12, they filed the Answers denying all of Plaintiff's allegations. Indeed, the Turners did not assert any counterclaims in response to the Complaint; as such, Plaintiff would not be unduly prejudiced as there are no claims brought against Plaintiff. And, importantly, courts generally prefer to analyze cases on the merits. For the same reasons, I also do not find monetary sanctions against these *pro* se defendants would be appropriate for this kind of rule violation. Therefore, I decline to strike the Turners' Answers or utilize any of my sanctioning power. Although the Court declines to impose sanctions, here, the Turners are on notice that they must comply with the Federal Rules of Civil Procedure moving forward.

### d. Claims Regarding Dean Gresek and Law Offices of Willis and Gresek

On November 06, 2017, Plaintiff received an Order from this Court informing her that the Court had not received verification of service regarding Dean Gresek and the Law Offices of Willis and Gresek. The Order requested Plaintiff to notify the Court in writing when all defendants have been served pursuant to Fed. R. Civ. P. 4(m). *see* Order dated November 6, 2017. Under Rule 4(m), a plaintiff must serve the summons and complaint on a defendant within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m); *see Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013) (stating that *pro se* plaintiffs are responsible for having the summons and complaint timely served on defendants because, "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."). If a plaintiff does not serve the summons and complaint within the allotted time period, Rule 4(m) provides that "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see Powell v. Symons*, 680 F.3d 301, 310 n.8 (3d Cir. 2012). *Isaac v. Sigman*, No. 16-5345, 2017 WL 2267264, at *3 (D.N.J. May 24, 2017).

Here, the Court provided notice which requested Plaintiff to prove that service was made on defendants Gresek and Law Offices of Willis and Gresek. Since then, the Court has not received any proof of service. Indeed, Gresek and Law Offices of Willis and Gresek have not made an appearance on the docket. Thus, because Plaintiff has failed to serve Gresek and Law Offices of Willis and Gresek, pursuant to Rule 4(m), the Court *sua sponte* dismisses the claims against these two defendants without prejudice.

### e. § 1983 Claims against the Turners

Having dismissed all the claims against Defendant Judges and Gresek and Law Offices of Willis and Gresek, the only remaining causes of action are § 1983 and state law claims against the Turners. While the Turners have not moved to dismiss any of those claims, the Court notes that Plaintiff's Complaint is devoid of any facts describing how the Turners, who are private citizens, acted under the color of law. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255–56 (3d Cir. 1994); *Malleus v. George,* 641 F.3d 560, 563 (3d Cir. 2011). There are a multitude of fact-specific tests a party can allege in order to hold a private party liable under § 1983. It appears, however, that Plaintiff has not adequately alleged facts to satisfy any of the relevant tests. Therefore, The Court will provide Plaintiff leave to amend the complaint within twenty (20) days from the date of the Order accompanying this Opinion, in order to sufficiently plead a § 1983 claim against the Turners. Plaintiff is well advised that absent a properly pled § 1983 claim against the Turners, the Court may decline to exercise supplemental jurisdiction with regards to Plaintiff's state law claims against these remaining defendants.[2]

---

[2] In a federal question suit, such as the one here, a court has supplemental jurisdiction over the state law pendant claims brought by a plaintiff. *See* 28 U.S.C. § 1367. However, the exercise of supplemental jurisdiction is a matter of discretion. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). In that regard, once the federal claims are dismissed, pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district court[] may decline to exercise supplemental jurisdiction . . . ." *Id.*

III. <u>CONCLUSION</u>

All claims brought under 42 U.S.C. § 1983 against Defendant Judges Einbinder, Goldman, Wauters and Russo, are dismissed with prejudice for the above stated reasons. Furthermore, Plaintiff's motion for sanctions against James Turner and Kristina Reed Turner is denied. Finally, claims against Dean Gresek and Law Offices of Willis and Gresek are *sua sponte* dismissed for lack for service.

DATED: July 12, 2018 /s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. District Judge